PER CURIAM.
The defendant was charged and convicted of possession with intent to sell crack cocaine. His claim is that the trial court erred in admitting into evidence the cocaine contraband where there was a substantial weight discrepancy between the weight of the cocaine recovered by police officers and that introduced into evidence.
As stated in Cridland v. State, 693 So.2d 720 (Fla. 3d DCA 1997), relevant physical evidence is admissible unless there is some indication of probable tampering with the evidence. Here, the cocaine turned in by arresting Officer Jacobson was identified as 10.5 grams. “[T]he envelope, the pill case, the marker, the tape, everything that is going to be submitted” was identified by Jacobson as weighing 22.3 grams. The criminologist, after breaking the package, testified that the cocaine itself weighted 2.6 grams. Unlike Cridland, the chain of custody in the instant case showed that the contraband had been in the exclusive possession of Officer Jacobson, signed and sealed, and placed in the property room, and that seal broken only by the state criminologist when he opened it for testing. • As explained by Officer Jacobson, the figure of 10.5 grams referred to the cocaine and the vial in which it was contained. He testified “They do not want to disturb the cocaine so they weigh it all together.” The criminologist made clear that when he slit open the signed sealed bag, the cocaine itself, without any packaging, weighted 2.6 grams. With no evidence of tampering and the difference in weights clearly explained, the contraband was properly admitted into evidence.
Accordingly, the order under review is affirmed.